UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTOR LACAYO MARIN                                    CIVIL ACTION

VERSUS                                                 NO. 14-1154

ST. CHARLES PARISH                                     SECTION "N"(3)
SHERIFF'S OFFICE, ET AL.

### REPORT AND RECOMMENDATION

Plaintiff, Victor Lacayo Marin, a federal prisoner, filed this federal civil rights action pursuant to 42 U.S.C. § 1983.[1] In his original complaint, he sued the St. Charles Parish Sheriff's Office and inmate William Stevenson.[2] The undersigned thereafter issued an order informing plaintiff that neither the Sheriff's Office nor Stevenson was a proper defendant and directing him to

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984).

[2] Rec. Doc. 1.

file an amended complaint.[3] Plaintiff then filed an amended complaint naming Officer Stillenger and the Nelson Coleman Correctional Center as additional defendants. In this lawsuit, plaintiff alleges that Stillenger failed to protect him from an attack by Stevenson.

To better understand the factual basis of plaintiff's claim, the Court held a Spears hearing on September 23, 2014. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[3] Rec. Doc. 4.

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[4] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Improper Defendants

Before turning to plaintiff's underlying claim, the Court first notes that three of the four named defendants must be dismissed because they are not proper defendants.

As noted, plaintiff has sued the St. Charles Parish Sheriff's Office. However, a Louisiana parish sheriff's office simply is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D. La. 1988).

Plaintiff also sued William Stevenson, a fellow inmate. That, too, is clearly improper, in that "[n]umerous cases have held that an inmate is not a state actor or a person acting under the color of

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

state law for purposes of stating a claim under § 1983." Goodell v. Anthony, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001); accord Batiste v. Gusman, Civ. Action No. 13-96, 2013 WL 6095833, at *3 (E.D. La. Nov. 20, 2013) ("It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983."); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009) (same); Butler v. Jenkins, 450 F. Supp. 574, 575 (E.D. Tenn. 1978).

In his amended complaint, plaintiff also added the Nelson Coleman Correctional Center as a defendant; however, a correctional center is merely a building, not a "person" subject to suit under § 1983. Langlinais v. Nelson Coleman Correctional Center, Civ. Action No. 13-3003, 2013 WL 5507303 (E.D. La. Oct. 2, 2013); Davis v. Nelson Coleman Correctional Center, Civ. Action No. 10-2257, 2010 WL 4935304, at *2 (E.D. La. Oct. 29, 2010), adopted, 2010 WL 4931883 (E.D. La. Nov. 30, 2010); Taylor v. Nelson Coleman Correctional Center, Civ. Action No. 10-841, 2010 WL 1979618, at *2 (E.D. La. Apr. 22, 2010), adopted, 2010 WL 1980406 (E.D. La. May 14, 2010); Diggs v. Nelson Coleman Correctional Center, Civ. Action No. 10-97, 2010 WL 1038229, at *3 (E.D. La. Feb. 17, 2010), adopted, 2010 WL 1038230 (E.D. La. Mar. 17, 2010).

### III.  Officer Stillenger

Lastly, although Officer Stillenger would normally be a proper defendant in a § 1983 action, the claim against him in this proceeding should be dismissed for the following reasons.

It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633,

650 (5th Cir. 1996) (en banc). However, the United States Fifth Circuit Court of Appeals has explained:

> To establish a failure-to-protect claim under § 1983, [an inmate] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted). Moreover, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision." Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998); accord Dangerfield v. Dyson, Civ. Action No. 05-0650, 2008 WL 718114, at *3 (E.D. La. Mar. 14, 2008).

In the complaint and in his testimony at the Spears hearing on September 23, 2014, plaintiff made the following allegations: On or about June 22, 2013, plaintiff's left femur was broken when he was attacked by his cellmate, William Stevenson, at the Nelson Coleman Correctional Center in Killona, Louisiana. During that attack, plaintiff pushed a button to summon security approximately six times; however, Stillenger did not respond for "a few minutes." Plaintiff did not know "if there was something wrong with the button," if Stillenger did not hear it, or if he simply initially ignored it. Plaintiff had not complained that he was in danger prior to this incident because he "never thought" that he would be attacked by Stevenson.

Based on the foregoing, there is no basis for finding that Stillenger was aware of and deliberately indifferent to an obvious, substantial risk to plaintiff's safety prior to this incident. On the contrary, not even plaintiff himself, much less Stillenger, had advance warning of the attack.

Stillenger simply cannot be said to have been deliberately indifferent in failing to protect against a potential harm of which he was unaware. Farmer v. Brennan, 511 U.S. 825, 844 (1994); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *6 (E.D. La. Oct. 23, 2009).

Moreover, plaintiff does not allege that Stillenger acted with deliberate indifference even after the attack began. As plaintiff acknowledged at the Spears hearing, he does not know if Stillenger was aware that plaintiff was being attacked when the button was initially being pushed, and, in any event, Stillenger responded within "a few minutes." At best, one could perhaps conclude that Stillenger acted negligently in failing to keep a closer watch on the inmates or to respond more quickly after the button was pushed. However, negligence is insufficient to support a federal civil rights claim. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979); accord Withrow v. Gusman, Civ. Action No. 11-267, 2011 WL 1468355, at *3 (E.D. La. Mar. 24, 2011), adopted, 2011 WL 1468351 (E.D. La. Apr. 18, 2011); Elsensohn v. Jefferson Parish Community Correctional Center, Civ. Action No. 09-2759, 2009 WL 5088744, at *3 (E.D. La. Dec. 23, 2009).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

7

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this seventh day of October, 2014.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.